IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE FALLS,              )<br>                                       )<br>        Plaintiff,              )<br>                                       )<br>vs.                              )<br>                                       )   CIVIL NO. 06-294-DRH<br>ALTON CITY JAIL, RICHARD  )<br>GILLESPIE, BOB MEYER, U.S.  )<br>MARSHALS,                  )<br>                                       )<br>        Defendants.          ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former federal pretrial detainee in the Alton, Illinois, City Jail brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against all defendants for failing to provide a grievance procedure in the Alton City Jail.
>
> **COUNT 2:** Against all defendants for denial of access to courts.
>
> **COUNT 3:** Against all defendants for denial of visitation with children and friends.
>
> **COUNT 4:** Against all defendants for inadequate medical care.
>
> **COUNT 5:** Against all defendants for denial of exercise.
>
> **COUNT 6:** Against all defendants for unconstitutional conditions of confinement.
>
> **COUNT 7:** Against Defendant Gillespie for denial of religious services.
>
> **COUNT 8:** Against all defendants for punishment without due process of law.
>
> **COUNT 9:** Against Defendant Gillespie for interference with mail.

## COUNT 1

Plaintiff states that Alton City Jail has no grievance procedure and therefore inmates have no way to complain about the conditions of their confinement.

An inmate has no substantive due process right to a grievance procedure in a jail; "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process

clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  Furthermore, Plaintiff's ability to file this lawsuit while in the jail belies any assertion that he has no avenue for redress of his grievances as guaranteed by the First Amendment.  *Id.*  Accordingly, Plaintiff has failed to state a claim; Count 1 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff states that Alton City Jail has no law library, thereby limiting detainees' access to courts.

Prisoners have a fundamental right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  This right of access extends to pretrial detainees as well as convicted prisoners.  *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993).  The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  Thus, a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  "[T]he mere denial of

access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff has not alleged a detriment to any pending litigation. Consequently, Plaintiff has failed to state a cognizable access-to-courts claim; Count 2 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 3

Detainees at Alton City Jail are allowed visitation with parents and spouses, but not with children or friends. Plaintiff believes that the denial of visits with friends limits detainees' access to courts because friends are often the only individuals who can assist detainees with their legal cases.

Prisoners do not have a fundamental right to unfettered visitation arising directly from the Constitution. *Kentucky Dep't of Corrections v. Thompson,* 109 S.Ct. 1904 (1989). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Id.* at 1909, *citing Hewitt v. Helms,* 459 U.S. 460 (1983). Accordingly, Plaintiff has not stated a claim regarding visitation restrictions.

Furthermore, as stated above in Count 3, to state a claim of denial of access to courts, a Plaintiff must show some detriment to a pending legal case. Plaintiff has not made such a showing upon these facts. Thus, he has not stated an access-to-courts claim. Count 3 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 4

Alton City Jail employs no medical personnel. All medications are distributed by corrections officers. All outside medical treatment must be approved by Defendant Gillespie and then is obtained only with the payment of a $20 co-pay. Plaintiff states that he knows of instances in which inmates have been issued the wrong medications.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). Based on these legal standards, Plaintiff has failed to state a claim because he has not shown how any defendant acted

with deliberate indifference to his serious medical needs. In fact, he has not even alleged that he has a serious medical need that requires treatment. Consequently, Count 4 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 5

Inmates are locked down 24 hours a day, with no movement outside of their cells other than for a shower every other day. Inmates are given no time for physical exercise outside of their cells. Plaintiff states that he has not received exercise for over one year.

While an inmate has no liberty interest in movement outside of his cell, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), the Seventh Circuit has held that long-term denials of exercise can violate the constitution because exercise is vital to an inmate's overall health. *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001). Accordingly, Plaintiff has made allegations that show potential constitutional violations, and Count 5 cannot be dismissed at this point in the litigation.

### COUNT 6

Inmates are exposed to "toxic fumes" coming through the air vents, lights in the cells are never turned off, and the jail is noisy 24 hours a day. Inmates must sleep on unsanitized mattresses without sheets.

Although claims involving detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

A detainee has no constitutional right to confinement in comfort. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir.), *cert. denied*, 488 US 863 (1988) (detainee has no right to a pillow, new tennis shoes, or frequent laundry service). The Seventh Circuit has held, however, that inadequate ventilation in a jail, *see Board*, 394 F.3d at 485-86, excessive noise, *see Antonelli*, 81 F.3d at 1433, and unsanitary conditions, *see Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989), can all violate the Eighth Amendment's prohibition against cruel and unusual punishment.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of

prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

While Plaintiff's claims may satisfy the objective component, he has failed to make allegations sufficient to show that any defendant acted with the requisite culpable state of mind. Plaintiff does not allege that any defendant was aware of the substantial risk of serious harm resulting from the conditions described but failed to act, or that the conditions were intentionally created or sustained in order to cause harm. Therefore, based on the legal standards described above, Plaintiff has failed to state a claim on these facts. Count 6 is therefore **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 7

Defendant Gillespie refuses to allow Islamic Imams in the jail to perform services because he does not agree with Islamic religious beliefs.

A detainee's right to exercise his religion "does not evaporate entirely when he enters a jail." *See Tarpley v. Allen County, Indiana*, 312 F.3d 895, 898 (7th Cir. 2002) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972)). However, the detainee's right "is not unfettered." *Tarpley*, 312 F.3d at 898. Prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987). Based on these standards, Plaintiff's claim that Defendant Gillespie denied Plaintiff's First Amendment right to exercise his religion cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 8

Plaintiff states that there is no disciplinary committee in the jail, so inmates are punished without any hearing. Plaintiff himself was disciplined in May 2005 without a hearing, and punished with removal of his mattress and blanket, forcing him to sleep on the bare steel bed. Another inmate was punished with sleeping in restraints and shackles.

Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would

jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

Based on these legal standards, Plaintiff has sufficiently stated a claim under the facts described. Count 8 cannot be dismissed from the action at this point in the litigation.

### COUNT 9

Defendant Gillespie reads all incoming and outgoing inmate mail. If he objects the contents of a letter, he confiscates it without informing the inmate. This also causes delays in receiving mail.

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782.

*Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005).

Courts have consistently held that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like. *See Rowe*, 196 F.3d at 782 ("prison security is 'a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights'"); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) ("provisions of this type do not impermissibly intrude on first amendment rights"). Furthermore, "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782. Finally, Plaintiff has not made any showing that he was harmed in any way. Thus, no constitutional violation occurred. Accordingly, Count 9 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### DEFENDANTS

A word about Defendants is in order. Plaintiff names Defendant Gillespie, Jail Superintendent, as a defendant in the action and describes him as the individual responsible for the conditions at the jail. Plaintiff also names the Alton City Jail as a defendant. In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). All of Plaintiff's allegations are based upon the conditions, policies, and customs of the Alton City Jail. Accordingly, Plaintiff may proceed against both Defendant Gillespie and the Alton City Jail.

Plaintiff names Bob Meyer, the United States Marshal, as a defendant in the action. Defendant Meyer may have been responsible for placing Plaintiff in the jail for his pretrial confinement, but Plaintiff has not shown how he is responsible for the conditions in the jail of which Plaintiff complains. It is unclear, therefore, at this point in the litigation whether Defendant Meyer may be held liable for the alleged constitutional violations. It is conceivable, however, that Plaintiff at some point in the future could show some level of culpability on his part. Accordingly, the Court will allow Plaintiff to proceed against him.

Plaintiff also names the United States Marshal Service as defendants in the action. The United States Marshal Service, as a federal agency, is not amenable to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). Accordingly, the United States Marshal Service is **DISMISSED** as a defendant from the action.

### DISPOSITION

In summary, Plaintiff may proceed against the Alton City Jail, Richard Gillespie, and Bob

Meyer on Counts 5, 7, and 8. All other counts of the complaint are dismissed from the action as specified above.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Alton City Jail, Richard Gillespie, and Bob Meyer***. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Alton City Jail, Richard Gillespie, and Bob Meyer*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, ***and*** on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil Procedure. All costs of service for ***Defendant Bob Meyer*** shall be advanced by the United States. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Alton City Jail or the United States Marshal Service who no longer can be found at the work addresses provided by Plaintiff, the City of Alton or the United States Marshal Service shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the City of Alton

or the United States Marshal Service pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter, **including the pending motion to appoint counsel (Doc. 5)**, is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: January 12, 2007**

/s/    David RHerndon
**DISTRICT JUDGE**