IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EUGENE FALLS, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:06-cv-294-DRH
 )
ALTON CITY JAIL, et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the summary judgment motion filed by Defendant Bob Meyer on June 1, 2007 (Doc. 30). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that Defendant Meyer be **DISMISSED,** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

**Procedural History**

Plaintiff Eugene Falls, a federal pre-trial detainee at the time he was housed in the Alton City Jail, filed this action on April 11, 2006, alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1331. Specifically, Plaintiff Falls' allegations are that (1) inmates in Alton City Jail are locked down in their cells twenty-four hours a day with no movement allowed other than a shower every other day, (2) Alton City Jail Superintendent and co-defendant Richard Gillespie does not allow Islamic inmates to perform services because he refuses to acknowledge that some inmates are Muslim, and (3) that inmates at the Alton City Jail are disciplined without due process of law (Doc. 9 at 6, 8-10).

On June 1, 2007, Defendant Bob Meyer, a Deputy U.S. Marshal, filed the instant Motion to Dismiss the Complaint, or alternatively, Motion for a Summary Judgment (Doc. 30). Defendant also filed, on June 1, 2007, a Faulkner Notice advising Plaintiff how to respond to a motion for summary judgment, and warning Plaintiff of the consequences of failing to respond to Defendant's Motion for Summary Judgment (Doc. 32). That notice correctly informed Plaintiff, "Unless you respond to this motion with sworn statements which contradict important facts claimed by the defendant in their sworn materials, the Court will accept the defendant's uncontested facts as true" (Doc. 32). Plaintiff filed a Response (Doc. 33) and an affidavit in support on July 2, 2007 (Doc. 34). Because Defendant relies on the affidavit of Defendant Meyer in the instant motion (Doc. 31-2), this Court will treat Defendant's motion as one for summary judgment.

**Substantive History**

Plaintiff states that he was housed in the Alton City Jail from March 15, 2005, through August 17, 2006 (Doc. 34 at 1). During this time, Plaintiff alleges that inmates were not allowed any recreation or physical exercise, and were kept in lock down twenty-four hours a day, except for being allowed to take a shower every other day (Doc. 1 at 5). Plaintiff alleges that Defendant Gillespie refused to allow Islamic Imams to visit the jail for religious service because Gillespie does not agree with the Islamic faith (Doc. 1 at 5). Plaintiff also alleges that the Alton City Jail has no disciplinary procedures and that he was disciplined in May of 2005 without a hearing (Doc. 1 at 5).

To initiate this lawsuit, Plaintiff filled out a form complaint that asks certain questions and provides space for a response. Under section three, entitled "Grievance Procedure," Plaintiff states that there is no grievance procedure at the Alton City Jail (Doc 1 at 3). Plaintiff states that he complained to prison authorities by writing letters to "I.D.O.C., U.S. Marshals, and (sic) the

2

jail superintendent, A.C.L.U." (Doc. 1 at 4). Plaintiff asserts that he received no reply from the U.S. Marshals, and that Mr. Chuirato told him to write a grievance (Doc. 1 at 4). Plaintiff also states that in response, "[j]ail superintendent [Gillespie] said this is his jail its (sic) ran (sic) his way." (Doc. 1 at 4). When asked to either attach copies of his request for an administrative remedy and any response received or explain why he cannot do so, Plaintiff responded that he was not allowed to make copies of the documents and that the letters from the D.O.C. have been sent to the A.C.L.U. (Doc. 1 at 4).

Attached to Plaintiff's Complaint is a document stating that Plaintiff filed three grievance forms while in the Alton City Jail (Doc. 1 at 9-10). Plaintiff does not specify the subject of the first form, which was handed to Officer David Beck, who turned it in to Defendant Gillespie (Doc. 1 at 9). The second grievance form was sent to Officer Mike Morelle about access to law books (Doc. 1 at 9). Plaintiff sent a third complaint on March 17, 2006 to Officer Jenny Perry about medical care (Doc. 1 at 10).

Defendant alleges as undisputed material fact that Plaintiff did not exhaust his administrative remedies regarding his claims in this lawsuit, and that Defendant Meyer was not involved in the allegations of the complaint (Doc. 31 at 2). In support of this claim, Defendant attached his sworn affidavit stating that he is aware of no administrative remedies filed by Plaintiff and has been advised that no such administrative claims have been filed with the United States Marshals Service (Doc. 31-2 at 1). Defendant also states in his affidavit that he is not involved in any way with the process the U.S. Marshals Service uses to contract with penal facilities where pre-trial detainees are sent, is not involved in making any decisions or policy at the Alton City Jail, and does not recall any involvement with the Plaintiff regarding the claims of this case (Doc. 31-2 at 1).

In support of Plaintiff's Response to the instant Motion, Plaintiff filed a handwritten affidavit in which he states that there was no grievance process at the Alton City Jail, and that grievances were sent to "D.O.C., administrative staff, Mayor of Alton, Chief, Captain, et al." (Doc. 34 at 1). Plaintiff states that unnamed persons responded to these complaints by telling him to get in contact with the U.S. Marshal who sent the inmates to Alton City Jail (Doc. 34 at 1). Plaintiff also states in his affidavit, "That as long as I was detained in Alton City Jail, March 15, 2005 through Aug (sic) 17, 2006[,] I declare the jail superintendent Richard Gillespie [and] Bob Meyer both acting under the color of Law (sic) knew of all these conditions." (Doc. 34 at 1).

## CONCLUSIONS OF LAW

**Summary Judgement Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 607 (7th Cir. 2005); Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc., 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970). See also Lawrence v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ballance v. City of Springfield, Illinois Police Department, 424 F.3d 614, 616 (7th Cir. 2005); Hottenroth v. Village of Slinger, 388 F.3d 1015, 1027 (7th Cir. 2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the

court reveals that "alternate inferences can be drawn from the available evidence." Spiegula v. Hull, 371 F.3d 928, 935 (7th Cir. 2004). See also Anderer v. Jones, 385 F.3d 1043, 1064 (7th Cir. 2004).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Packman v. Chicago Tribune Co., 267 F.3d 628, 637 (7th Cir. 2001); Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997).

**Exhaustion of Administrative Remedies**

Defendant alleges, pursuant to the Prison Litigation Reform Act ("PLRA"), that Plaintiff's action must be dismissed because Plaintiff did not fulfill the PLRA's exhaustion requirement. Plaintiff's status as a pre-trial detainee means that his claims are governed by the Prison Reform Litigation Act of 1996. Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, exhausting available administrative remedies is a precondition of

5

suit. Dale, 376 F.3d at 655; See also Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).

The Supreme Court has recently held that in order to satisfy the PLRA's exhaustion requirement, "prisoners must complete the administrative review process in accordance with the applicable procedural rules . . . [these rules] . . . are defined not by the PLRA, but by the prison grievance process itself. Jones v. Bock, 127 S.Ct. 910, 922 (2007) (internal citation and quotation omitted). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." Id at 922-23. See also Pozo v. McCaughtry, 286 F.3d 1022, 1026 (7th Cir. 2002) (holding that a prisoner must file complaints and appeals in the place, and at the time, the prison's administration rules require).

In Jones, the Supreme Court also rejected the "total exhaustion rule" under which a case can be dismissed if any one of its claims is unexhausted. 127 S.Ct. at 924. Instead, the Supreme Court stated that district courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." Id at 925 (citing Rhines v. Weber, 544 U.S. 269, 273 (2005)). Thus courts are required to assess each claim in a plaintiff's complaint to determine whether or not it has been properly exhausted pursuant to the applicable grievance procedures.

In this case, Defendant Meyer supports his contention that Plaintiff failed to exhaust his administrative remedies with an affidavit by Meyer stating that he was informed that no grievances have been filed by Plaintiff with the United States Marshals Service. (Doc 31-2 at 1). Plaintiff, on the other hand, makes a generalized allegation in his response that he sent complaints to the U.S. Marshals Service (Doc. 34 at 1). Regardless of whether Plaintiff filed such a grievance with the U.S. Marshals Service, Defendant has failed to make any showing as

6

to what the proper grievance procedures were for a federal pre-trial detainee housed at the Alton City Jail. Further, Defendant Meyers has not provided any evidence that Plaintiff failed to exhaust those procedures. Because Defendant has not shown that Plaintiff was required to file a grievance with the U.S. Marshals Service pursuant to an applicable grievance procedure, the Court cannot find that Plaintiff failed to exhaust his <u>available</u> administrative remedies. In fact, Plaintiff asserts that there was no grievance policy in place at the Alton City Jail (Doc. 34 at 1). Whether there was such a procedure is a question of fact that must be resolved against the moving party. <u>Miller</u>, 168 F.3d at 312. Because Defendant has failed to satisfy his burden of establishing that Plaintiff failed to exhaust his available administrative remedies, it is **RECOMMENDED** that the Motion for Summary Judgment be **DENIED** as to the issue of exhaustion of administrative remedies.

**Defendant Meyer's Lack of Personal Involvement**

Defendant next alleges that he should be dismissed from this suit because Plaintiff has failed to show that Defendant was involved in any decisions as to the amount of time detainees are allowed out of their cells, the availability of Islamic religious services or the disciplinary procedures at the Alton City Jail (Doc. 31 at 3). Plaintiff's Response states that Defendant is liable because he was aware of the conditions at the Alton City Jail and failed to take any action to correct them (Doc. 33 at 1).

Section 1983 creates a cause of action against "[e]very person, who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Since a section 1983 cause of action is against a "person," in order to recover under § 1983, a plaintiff must establish that a defendant

7

was personally responsible for the deprivation of a constitutional right. Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) (citing Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995), internal quotation omitted). "To be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (internal quotation omitted). Further, "Liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Payne ex rel. Hicks v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998), cert. denied, 541 U.S. 1004 (1999). And "[a]n official satisfies the personal responsibility required of § 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge or consent." Brokaw v. Mercer County, 235 F.3d 1000, 1012 (7th Cir. 2000) (citing Smith v. Rowe, 761 F.2d 360, 369 (7th Cir.1985)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996).

To survive summary judgment, Plaintiff must offer some evidence that Defendant "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." Johnson, 444 F.3d at 583 (citing Vance, 97 F.3d at 994) (internal quotation omitted). Plaintiff cannot simply allege a communication with a prison official and expect the court to assume knowledge of the part of the official. See Vance, 97 F.3d at 993. "The plaintiff still has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety." Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

8

Defendant Meyer states in his affidavit that he is not involved in contracting with or approving the facilities where pre-trial detainees are sent, nor does he have any involvement in making any decisions or policy at the Alton City Jail (Doc. 31-2 at 1). Defendant also states that he does not recall having any involvement with Plaintiff regarding Plaintiff's claims (Doc 31-2 at 1). In response, Plaintiff's affidavit merely asserts that Defendant was aware of the jail conditions alleged in his Complaint (Doc. 34 at 1). This naked assertion is insufficient to sustain Plaintiff's burden of demonstrating that Defendant Meyers had notice of the alleged constitutional deprivations. Plaintiff's affidavit does not identify any specific communications between Plaintiff and Defendant that would have given Defendant sufficient notice. Plaintiff also fails to identify any specific facts showing Defendant was aware of the alleged situations because of his position as a Deputy U.S. Marshal, or any other reason why Defendant would be aware of Plaintiff's claims.

Because Plaintiff has failed to come forward with any specific evidence to rebut Defendant's sworn factual assertions, it is clear that Plaintiff has failed to sustain his burden of demonstrating personal involvement on the part of the Defendant. Accordingly, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED** as to the issue of lack of personal involvement.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment (Doc. 30) be **GRANTED**, that Defendant Meyer be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a

timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 7, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**