IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EUGENE FALLS,**

    **Plaintiff,**

    v.

**ALTON CITY JAIL, et al.,**

    **Defendants.**                                 Case No. 06-cv-294-DRH

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Now before the Court is the Motion for a Summary Judgment brought by Defendants Richard Gillespie ("Gillespie") and the City of Alton (collectively "Defendants") (Doc. 52). Plaintiff Eugene Falls ("Plaintiff"), a federal pre-trial detainee at the time he was housed in the Alton City Jail, filed this action on April 11, 2006, alleging deprivations of his constitutional rights pursuant to **42 U.S.C. § 1983**. Specifically, Plaintiff Falls' allegations are that (1) inmates in Alton City Jail are locked down in their cells twenty-four hours a day with no movement allowed other than a shower every other day, (2) Alton City Jail Superintendent and co-defendant Richard Gillespie does not allow Islamic inmates to perform services because he refuses to acknowledge that some inmates are Muslim, and (3) that inmates at the Alton City Jail are disciplined without due process of law.

Defendants now seek summary judgment, alleging that the undisputed facts show Plaintiff's constitutional rights were not violated, that he failed to exhaust his administrative remedies, and that Defendants are entitled to qualified immunity. Defendants filed their motion for summary judgment on February 8, 2008 (Doc. 52). On that same date, Defendants filed a notice pursuant to ***Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996)**, and ***Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)**, informing Plaintiff regarding the necessity of filing a response to the motion for summary judgment, and warning Plaintiff that failing to respond would likely result in the Court accepting Defendants' uncontested facts as true and dismissing Plaintiff's lawsuit. Nevertheless, Plaintiff failed to respond to the motion for summary judgment. Accordingly, the Court will accept Defendants' uncontested facts as true. Further, the Court considers Plaintiff's failure to respond to the motion as an admission of the merits of the motion. ***See* SDIL-LR 7.1(c).**

## II. FACTUAL BACKGROUND

Plaintiff was housed in the Alton City Jail from March 15, 2005, through August 17, 2006 (Doc. 34 at 1). Plaintiff's remaining claims allege that during this time, he was not allowed any recreation or physical exercise because he was kept in lock down twenty-four hours a day, except for being allowed to take a shower every other day (Count 5); that Defendant Gillespie denied him his First Amendment right to exercise religion in that he refused to allow Islamic Imams to visit the jail for religious service (Count 7); and that he was denied due process of law when he was

disciplined in May 2005 without a hearing (Count 8).

Prior to February 2, 2006, the City of Alton jail had an informal grievance procedure in place to handle inmate disputes, but it adopted a formal grievance procedure on February 2, 2006. The formal grievance procedure outlines what must be done for a grievant to exhaust his administrative remedies. First, the grievant must orally raise the grievance with jail staff. If the grievance is not resolved, then the grievant must file a written grievance directed to the jail superintendent, to which a written response is due within five working days. If the grievant's complaint is still not resolved to his satisfaction, he may then file a written grievance with the captain of police within five working days of the jail superintendent's written response. The captain of police has five working days to give a written response. While the captain of police is the final authority for the grievance procedure, if the grievant's dispute is still not resolved, he is encouraged to file a complaint with the United States Marshal's Service within three days of a written denial from the captain of police.

Plaintiff filed no grievances regarding a lack of recreational facilities, interference with his free exercise of religion, or violation of his due process rights. While Plaintiff claims in his complaint that there was no grievance procedure at the City of Alton jail, Plaintiff did file grievances relating to a lack of law library access, inadequate medical care, and an inadequate diet. None of these grievances raise any complaint regarding the issues remaining in this lawsuit. Further, Plaintiff could have filed an informal grievance prior to February 2006 regarding a lack of exercise

opportunities, an inability to exercise his religion, or violation of his due process rights, but he failed to file any such grievance. Plaintiff also could have filed a complaint with the United States Marshal Service, but did not.

### III. LEGAL STANDARD

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED.R.CIV.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)**. The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir.1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, **200 F.3d 1055, 1057 (7th Cir.2000);** *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir.1999)**.

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings. Rather, the nonmovant must show through specific evidence that an issue of fact remains on matters for which the nonmovant bears the burden of proof at trial. *Walker v. Shansky*, **28 F.3d 666, 670-71 (7th Cir.1994)**, *aff'd*, **51 F.3d 276 (citing *Celotex*, 477 U.S. at 324)**.

## IV. ANALYSIS

Defendant alleges, pursuant to the Prison Litigation Reform Act ("PLRA"), that Plaintiff's action must be dismissed because Plaintiff did not fulfill the PLRA's exhaustion requirement. Plaintiff's status as a pre-trial detainee means that his claims are governed by the Prison Reform Litigation Act of 1996. **Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004)**. The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

**42 U.S.C. § 1997e(a)**.

Thus, exhausting available administrative remedies is a precondition of suit. **Dale, 376 F.3d at 655; see also Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983)**.

The Supreme Court has recently held that in order to satisfy the PLRA's exhaustion requirement, "prisoners must complete the administrative review process in accordance with the applicable procedural rules . . . [these rules] . . . are defined not by the PLRA, but by the prison grievance process itself." **Jones v. Bock, 127 S. Ct. 910, 922 (2007) (internal citation and quotation omitted)**. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." **Id. at 922-23. See also Pozo v. McCaughtry, 286 F.3d**

**1022, 1026 (7th Cir. 2002) (holding that a prisoner must file complaints and appeals in the place, and at the time, the prison's administration rules require)**.

In *Jones*, the Supreme Court also rejected the "total exhaustion rule" under which a case can be dismissed if any one of its claims is unexhausted. **127 S.Ct. at 924.** Instead, the Supreme Court stated that district courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." *Id* **at 925 (*citing Rhines v. Weber*, 544 U.S. 269, 273 (2005))**. Courts are, therefore, required to assess each claim in a plaintiff's complaint to determine whether or not it has been properly exhausted pursuant to the applicable grievance procedures.

In this case, there are three such claims that must be assessed to determine if they were properly exhausted. First, Plaintiff alleges in Count 5 that he was not allowed any recreation or physical exercise because he was kept n lock down twenty-four hours a day, except for being allowed to take a shower every other day. Second, in Count 7, Plaintiff alleges that Gillespie denied him his First Amendment right to exercise his religion by refusing to allow Islamic Imams to visit the jail for religious services. Lastly, in Count 8, Plaintiff claims that his due process rights were violated when he was disciplined in May 2005 without a hearing. Because the Court finds this issue to be dispositive in this case, the Court need not, in fact should not, reach the merits of Plaintiff's remaining allegations. ***See Pavey v. Conley*, --- F.3d ---, 2008 WL 4191353 at \*3 (7th Cir. Sept. 12, 2008) (cautioning that "in**

**the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved.")**.

The undisputed material facts demonstrate that Plaintiff filed grievances during his time at the City of Alton jail but failed to do so regarding any of his remaining claims in this lawsuit. The grievances Plaintiff filed on April 10, 2005, May 20, 2005, and May 12, 2006, dealt with access to legal materials, inadequate medical care, and an improper diet, respectively. None of these grievances can be construed to regard any of the claims remaining in this action. There was no mention of a lack of recreational facilities, interference with his exercise of religion, or a violation of his right to due process.

It is undisputed that the City of Alton jail had an administrative procedure in place, though informal for a time, for filing grievances. Plaintiff made use of these procedures, but did not attempt to exhaust his administrative remedies with regard to the present claims. There are also no facts to suggest that anyone other than Plaintiff prevented him from exhausting his administrative remedies. Accordingly, the Court must dismiss Plaintiff's action by granting summary judgment in Defendants' favor. *Perez*, **182 F.3d at 535 (district court lacks discretion to resolve a claim on the merits where the prisoner fails to properly exhaust)**.

## V. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment (Doc. 52) is **GRANTED**. As such, this case is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to exhaust his administrative remedies. Additionally, all remaining motions pending in this case are hereby **DENIED AS MOOT**. This case is hereby closed. Judgment to enter accordingly.

**IT IS SO ORDERED**.

Signed this 24th day of September, 2008.

/s/   David R Herndon

**Chief Judge**
**United States District Court**